UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN W. GREEN, | ) | CASE NO. CV 12-6152 DSF (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER – |
| | ) | (1) TO SHOW CAUSE RE UNTIMELINESS; and |
| KAMALA HARRIS, | ) | (2) RE IMPROPER RESPONDENT AND NEED FOR USE OF |
| Respondent. | ) | FORM PETITION |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred. In addition, the Court notes that, timeliness aside, Petitioner will need to amend his petition for two reasons: (1) to name a proper respondent, namely his prison's warden, instead of the state attorney general; and (2) to use this District's required form for state prisoners seeking habeas relief, which form the Clerk will send to him along with this Order.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the

date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Petitioner indicates that he signed the current petition on July 1, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On May 10, 2007, in Los Angeles County Superior Court, Petitioner pleaded no contest to assault with a deadly weapon, pursuant to a plea agreement. He was sentenced to nine years in prison. *See* Pet. ¶ 2; Mem. at 4 (noting that plea was negotiated).

(b) Petitioner did not appeal. His conviction became final after July 10, 2007, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60-day deadline). His one-year AEDPA limitations period began running at that time.

(c) Four years passed. The limitations period expired in mid-July of 2008.

(d) In June of 2011, Petitioner began a series of unsuccessful habeas petitions in the state trial court, California Court of Appeal and California Supreme Court. The state high court rejected his last such petition on May 9, 2012.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in July of 2008, one year after his conviction became final in July of 2007. Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims.

-2-

*See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).  This is particularly true where, as here, the petitioner's recent state habeas claims are based on *legal* principles, not newly-discovered *factual* matters, of which he was ignorant earlier but of which he since has become enlightened.  His prior ignorance of possible legal claims is no excuse for untimeliness in asserting those claims in court.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.  If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

Regardless of the petition's timeliness, Petitioner must submit a First Amended Petition correcting two flaws in his current petition.  First, Petitioner fails to name a proper Respondent, namely the warden of his prison.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004).  Second, his petition is not on this District's required Form CV-69.  *See* Civ. L.R. 83-16.  Petitioner shall submit the First Amended Petition within 21 days of this order – that is, by the same deadline that applies to his response to the Court's concerns about untimeliness.

The Clerk shall mail Petitioner a copy of Form CV-69 along with this Order.

IT IS SO ORDERED.

DATED:    July 23, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-3-